IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROOSEVELT DUNLAP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 2:13cv77-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The United States has filed a response (Doc. No. 4) addressing how the one-year limitation period in 28 U.S.C. § 2255(f)[1] applies to the petitioner's § 2255 motion. The Government argues that the § 2255 motion, which the petitioner filed on January 1, 2013, is untimely under § 2255(f) and is therefore due to be dismissed.

On August 20, 2010, the petitioner pled guilty to possession of a firearm and

---

[1] Section 2255(f) specifies that the one-year limitation for filing a § 2255 motion period begins from the latest date of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

ammunition by a convicted felon. On February 25, 2011, the district court sentenced the petitioner to 66 months in prison. Judgment was entered by the district court on March 8, 2011. The petitioner did not take a direct appeal. His conviction therefore became final on March 22, 2011.[2] For purposes of 28 U.S.C. § 2255(f)(1), the petitioner had until March 22, 2012, to file a timely § 2255 motion. His filing of his § 2255 motion on January 1, 2013, renders it untimely under § 2255(f)(1).

The Government submits that none of the provisions of § 2255(f)(2)-(4) apply to render the § 2255 motion timely. Specifically, the Government argues that the petitioner has not shown that some unconstitutional governmental action impeded him from filing his §2255 motion at an earlier date, *see* § 2255(f)(2); that the petitioner's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2255(f)(3); and that the petitioner has not submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence, *see* § 2255(f)(4).

For the reasons indicated above, it appears to this court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired before the petitioner filed his § 2255 motion. Accordingly it is

ORDERED that on or before April 2, 2013, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year

---

[2] *See* Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

limitation period.

    Done this 12th day of March, 2013.


                                              /s/ Susan Russ Walker
                                     SUSAN RUSS WALKER
                                     CHIEF UNITED STATES MAGISTRATE JUDGE