IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT DUNLAP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv77-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On January 1, 2013, federal inmate Roosevelt Dunlap ("Dunlap") filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) By his motion, Dunlap challenges his guilty-plea conviction and resulting sentence, imposed in February 2011, for possession of a firearm and ammunition by a conviction felon, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the orders of this court, the Government filed a response addressing the applicability of the one-year period of limitation in 28 U.S.C. § 2255(f) to Dunlap's motion. (Doc. No. 4 .) The Government argues that Dunlap's motion is untimely and should therefore be denied. (*Id*.) Dunlap was afforded an opportunity to respond to the Government's submission, but has failed to do so. Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that the Government is correct: Dunlap's § 2255 motion was not filed within the time allowed by

federal law; therefore, it should be denied and this case should be dismissed.

## II.  DISCUSSION

The timeliness of Dunlap's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The record reflects that on August 20, 2010, Dunlap pled guilty to possession of a firearm and ammunition by a convicted felon.  On February 25, 2011, the district court sentenced Dunlap to 66 months in prison.  Judgment was entered by the district court on March 8, 2011.  Dunlap did not take a direct appeal.  His conviction therefore became final

on March 22, 2011, fourteen days after the district court's entry of judgment.[1]  For purposes of 28 U.S.C. § 2255(f)(1), Dunlap had until March 22, 2012, to file a timely § 2255 motion. His filing of his § 2255 motion on January 1, 2013,[2] renders it untimely under § 2255(f)(1).

Dunlap has not set forth any facts or arguments indicating that any of the statutory tolling provisions of § 2255(f)(2) - (4) should control the limitation period in his case. Specifically, Dunlap has not shown that some unconstitutional governmental action impeded him from filing his §2255 motion at an earlier date, *see* § 2255(f)(2); or that his claims rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2255(f)(3); or that he has presented grounds for relief that could not have been put forth earlier under the exercise of due diligence, *see* § 2255(f)(4).

Nor has Dunlap come forward with anything to demonstrate that the extraordinary remedy of equitable tolling of the one-year limitation period should be applied in his case. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir,. 1999).  A petitioner bears "the burden of establishing that equitable tolling [is] warranted." *Pugh v. Smith*, 465 F.3d 1295, 1300–01 (11th Cir. 2006).  Consequently, Dunlap's § 2255 motion is time-barred pursuant

---

[1] *See* Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

[2] Although Dunlap's § 2255 motion was stamped as received in this court on February 5, 2013, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, January 1, 2013, the day that he signed it (*see* Doc. No. 1 at 13). *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

to § 2255(f), and this court will not consider the merits of his claims.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 10, 2014.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  2Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 27th day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE